■ In the Matter of JOSEPH J. CULLEN, Appellant, v ALAN SCHWARTZ, as Corporation Counsel of the City of New York, Respondent.—In a proceeding pursuant to CPLR article 78 to enjoin the Corporation Counsel of the City of New York from representing certain defendants in a Federal civil rights action, petitioner appeals from a judgment of the Supreme Court, Queens County, dated July 12, 1978, which dismissed the petition on the merits. Appeal dismissed as academic, without costs or disbursements. The appeal which had been taken in the Federal action has been withdrawn. Mollen, P. J., Martuscello, Rabin and Gulotta, JJ., concur.

■ In the Matter of ELLA PRINCE, Respondent-Appellant, v JOSEPH D'ELIA, as Commissioner of the Nassau County Department of Social Services, et al., Appellants-Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the Commissioners of the New York State and Nassau County Departments of Social Services to issue a grant of assistance to petitioner sufficient to pay her mortgage arrears, the parties cross-appeal from a judgment of the Supreme Court, Nassau County, entered May 26, 1978, which, *inter alia,* directed that petitioner be paid a shelter allowance for the period of January 1, 1976 to May 31, 1978, less a sum which had been misapplied. Judgment affirmed, without costs or disbursements, on the opinion of Mr. Justice Altimari at Special Term. In the light of events which have occurred since the entry of the judgment, (1) the Nassau County Department of Social Services shall reconvey the subject premises to petitioner, (2) the "bond and mortgage" shall be canceled, and (3) if the "bond and mortgage" were recorded, the County Department of Social Services shall make, execute and record a satisfaction thereof. It appears, by concession, that since the entry of the judgment appealed from, petitioner, allegedly under duress, executed and delivered a deed and "bond and mortgage" to the Nassau County Department of Social Services, since that department refused to deliver the checks representing the accrued shelter allowance (which petitioner needed to stave off foreclosure) unless such documents were executed and delivered. In the light of these facts, we have made the above directions. Suozzi, J. P., Gulotta, Shapiro and Margett, JJ., concur.